IN THE COUNTY COURT OF PEARL RIVER COUNTY

STATE OF MISSISSIPPI

ALLISON L.. DANIELS AND WIFE,
GERALDINE W. DANIELS                                           PLAINTIFF(S)

VERSUS                                              CAUSE NO. CO23CV394-RL

ROCKET MORTGAGE, LLC, A
MICHIGAN LIMITED LIABILITY COMPANY,
F/K/A QUICKEN LOANS, LLC                                          DEFENDANT

## COMPLAINT

**COMES NOW**, the Plaintiffs, Allison L. Daniels and wife, Geraldine W. Daniels, and would file this Complaint against the Defendant, Rocket Mortgage, LLC, A Michigan Limited Liability Company f/k/a Quicken Loans, LLC, and in support thereof would show unto this Court as follows, to-wit:

### PARTIES

1.

Plaintiffs, Allison L. Daniels and wife, Geraldine W. Daniels, are adult resident citizens of Pearl River County, Mississippi.

2.

Defendant, Rocket Mortgage, LLC, is a Michigan Limited Liability Company, formerly known as Quicken Loans, LLC, is doing business in Pearl River County, Mississippi, by way of holding one or more Deeds of Trust in State of Mississippi, including, Pearl River County, Mississippi.

3.

That all necessary and indispensable persons have been made parties to this action.

Page 1 of 8

FILED
NANCE FITZPATRICK STOKES
CIRCUIT CLERK
JUL 17 2023
BY: _____
DEPUTY CLERK

## JURISDICTIONAL AND VENUE ALLEGATIONS

4.

This Court has subject matter jurisdiction in that, the County Court of Pearl River County has concurrent civil jurisdiction with the Chancery and Circuit Courts of Pearl River County, Mississippi.

5.

That venue is properly had in this matter, in that, the Plaintiffs reside in Pearl River County, Mississippi; the acts of breach of contract, breach of the duty of good faith and fair dealing took place in Pearl River County, Mississippi; and, the Defendant was doing business in Pearl River County, Mississippi, at the time of the incident(s) set forth in this Complaint.

## FACTUAL AND LEGAL ALLEGATIONS

6.

That Plaintiffs are the owners of real property situated in Pearl River County, Mississippi, being more particularly described in that certain Warranty Deed dated September 23, 2015, of record in the Office of the Chancery Clerk of Pearl River County, Mississippi, 2015, Page 53461. (Exhibit "1").

7.

The Plaintiffs executed a Deed of Trust in favor of the Defendant dated June 17, 2020, of record in the Office of the Chancery Clerk of Pearl River County, Mississippi, in Book 2020, Page 6229. (Exhibit "2").

8.

The terms and provisions of the Deed of Trust allowed and authorized the Plaintiffs, as Borrowers, to select the insurance carrier to provide insurance coverage

for the structure(s) situated on the real property of the Plaintiffs. Although the Defendant has a right of approval for the provision of such insurance carrier, the Defendant could not unreasonably reject the Plaintiffs' choice of insurance carriers.

9.

Additionally, at the time the Deed of Trust was executed, the Plaintiffs and the Defendant entered into agreement(s) in which the Plaintiffs were to provide insurance and that no escrow account was to exists as between the Parties. This was the custom and practice of the Parties until October, 2022. (Exhibit "3").

10.

The Plaintiffs, beginning, in June, 2020, selected and bound coverage for insurance on the structures and the Defendant did not object to same. The only payment that was paid was the monthly principal and interest payment of $648.37. No other amounts were added for insurance and ad valorem taxes.

11.

That commencing in October, 2022, the Defendant, without justification and/or cause, began a course of conduct that constituted abusive servicing of the loan of the Plaintiffs. This began by the Defendant claiming the Plaintiff's insurance coverage was not sufficient, despite the fact that Plaintiff's had always kept the improvements properly insured in a sufficient amount that would cover the interest of the Defendant in the event of a loss. The Defendant's actions of abusive servicing of the Plaintiffs' loan and/or Deed of Trust include, but are not limited to the following, to-wit:

1. The unjustified placement of forced placed insurance in an exorbitant amount, when there existed sufficient insurance procured and placed by the Plaintiffs;

2. The placement of the insurance that was procured by the Plaintiffs and the charging of the Plaintiffs for escrows when the Parties agreed there would be no escrows. These escrows have been maintained in such a fashion to keep the Plaintiffs in a default status, when the Defendant knew the Plaintiffs were current in all aspects of paying the subject indebtedness secured by the Deed of Trust.

3. The Defendant has, on a recurring basis, sought to have and/or compel the Plaintiffs to refinance their loan and subject the Plaintiffs to the payment of additional loan charges, which the Plaintiffs have resisted. The Defendant has attempted to place the Plaintiffs in a default status because of these ongoing attempts.

4. The unjustified and/or unreasonable interference between the Plaintiffs and their current insurance carrier of Plaintiffs that issued the policy of insurance on the Plaintiffs' residential dwelling. Plaintiffs on March 1, 2023, purchased such insurance with wind coverage. Plaintiffs paid $687.00 down with their carrier and financed the remaining balance on a monthly payment schedule for the payment of the remainder of the premium. Defendant, wrongfully and with the consent or permission of the Plaintiffs, paid the remaining balance of the premium and then created an "escrow" balance to be "paid back" to Defendant. Plaintiffs would show that these actions have been utilized by the Defendant to place the Plaintiffs in a "default" status under their current loan. The Plaintiffs have paid through May, 2023, the total amount of $5,913.50, when, under the contractual agreements Plaintiffs should only have paid $3,890.20.

5. Any other reasons, that come to light during the progression of these proceedings.

12.

The actions of the Defendant is ongoing and requires the intervention of this Court by way of equitable and legal relief. The actions of the Defendant constitute a breach of the provisions of the agreements between the Parties; and, the implied covenant of good faith and fair dealing contained in the documents executed between the Parties.

## COUNT NO. ONE - INJUNCTIVE RELIEF

13.

That your Plaintiffs would show the intervention of the Court to impose injunctive relief against the Defendant to prevent It from engaging in an ongoing pattern of abusive servicing of the loan of the Plaintiffs, including possible foreclosure of the subject Deed of Trust.

14.

The Plaintiffs seek the imposition of the following injunctive relief, to-wit:

1. Enjoin the Defendant from attempting to compel the creation of an escrow account for the payment of property insurance; and, compel the Defendant to absorb any and all insurance charges placed in such escrow account as a result of the abusive servicing of the Plaintiffs' loan.

2. Prohibit the Defendant from attempting to compel the payment of any amounts from the Plaintiffs into any escrow account for the payment of insurance.

3. Compel the Defendant to accept the Plaintiffs' monthly principal and interest payment(s) until said Deed of Trust is satisfied in full.

4. Grant any other equitable relief to prohibit and enjoin the Defendant from engaging in abusive servicing of the subject loan secured by the Deed of Trust.

## COUNT NO. TWO - DAMAGES

15.

The actions of the Defendant constitute an ongoing breach of the terms of the Parties' agreements and the implied covenant of good faith and fair dealing implicit in the Parties' agreements.

16.

That Plaintiffs have suffered damages as a result of the actions of the Defendant engaging in abusive servicing of the subject loan.

17.

Plaintiffs are entitled to an award of compensatory damages against the Defendants.

## COUNT NO. THREE - PUNITIVE DAMAGES

18.

The Plaintiffs are entitled to an award of punitive damages of, from and against the Defendant, to punish the Defendant and deter the Defendant from engaging into similar misconduct.

## COUNT NO. FOUR - ATTORNEY'S FEES AND COSTS

19.

The Plaintiffs are entitled to an award of attorney's fees and costs of, from and against the Defendant.

**WHEREFORE PREMISES CONSIDERED**, your Plaintiffs, Allison L. Daniels and wife, Geraldine W. Daniels, are entitled to a judgment for the following equitable and/or legal relief, to-wit:

1. Enjoin the Defendant from attempting to compel the creation of an escrow account for the payment of property insurance; and, compel the Defendant to absorb any and all insurance charges placed in such escrow account as a result of the abusive servicing of the Plaintiffs' loan.

2. Prohibit the Defendant from attempting to compel the payment of any amounts from the Plaintiffs into any escrow account for the payment of insurance.

3. Compel the Defendant to accept the Plaintiffs' monthly principal and interest payment(s) until said Deed of Trust is satisfied in full.

4. Grant any other equitable relief to prohibit and enjoin the Defendant from engaging in abusive servicing of the subject loan secured by the Deed of Trust.

5. Entry of a monetary award of, from and against the Defendant for compensatory damages, punitive damages, attorney's fees, costs in an amount of not greater than $74,900.00.

RESPECTFULLY SUBMITTED

_____
**ALLISON L. DANIELS**
**PLAINTIFF**

_____
**GERALDINE W. DANIELS**
**PLAINTIFF**

_____
**NATHAN S. FARMER, ESQ.**
**Counsel for the Plaintiffs**
**120 Goodyear Boulevard**
**Post Office Box 1608**
**Picayune, Mississippi 39466**
**Tel: 601.749.8745**
**Fax: 601.749.7045**
**Mississippi Bar No. 09353**

## VERIFICATION

STATE OF MISSISSIPPI )
)
COUNTY OF PEARL RIVER )

**PERSONALLY CAME AND APPEARED** before me, the undersigned authority in and for the aforementioned jurisdiction, the within named, **ALLISON L. DANIELS** and **GERALDINE W. DANIELS**, who acknowledged to me that the undersigned, signed and executed the foregoing Complaint states upon oath as follows:

Affiant further states that the matters and things set forth in said Complaint are true and correct as therein set forth, stated and charged.

_____
ALLISON L. DANIELS

_____
GERALDINE W. DANIELS

**SWORN TO AND SUBSCRIBED**, before me, this the __31__ day of __July__, A.D., 2023.

_____
NOTARY PUBLIC

My Commission Expires:

_____

[Notary Seal: NATHAN S. FARMER, ID # 28513, Commission Expires Jan. 20, 2026, PEARL RIVER COUNTY, STATE OF MISSISSIPPI]