IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALLISON L. DANIELS and**                                                              **PLAINTIFFS**
**GERALDINE W. DANIELS**

**v.**                                                                       **Civil No. 1:24cv78-HSO-BWR**

**ROCKET MORTGAGE, LLC**                                                              **DEFENDANT**

### ORDER REMANDING CASE TO THE COUNTY COURT OF PEARL RIVER COUNTY, MISSISSIPPI

THIS MATTER comes before the Court sua sponte upon its July 19, 2024, Order [25] to Show Cause, which directed briefing on the issue of the Court's subject-matter jurisdiction. The parties filed Responses [30], [31] to the Order [25] on August 2, 2024. The Court, having considered the pleadings, the parties' Responses [30], [31], and relevant legal authority, finds that this case should be remanded to the County Court of Pearl River County, Mississippi.

### I. BACKGROUND

A. Factual background

On July 17, 2023, Plaintiffs Allison L. Daniels and Geraldine W. Daniels ("Plaintiffs") filed suit against Defendant Rocket Mortgage, LLC ("Defendant") in the County Court of Pearl River County, Mississippi. *See* Complaint [2-2]. The Complaint [2-2] asserted that Plaintiffs executed a Deed of Trust "in favor of the Defendant[,]" which allowed them "to select the insurance carrier to provide insurance coverage for the structure(s) situated on the real property of the

Plaintiffs." *Id.* at 2-3.  In October 2022, Defendant allegedly breached the Deed of Trust by engaging in "a course of conduct that constituted abusive servicing of the loan of the Plaintiffs." *Id.* at 3-5.  This "abusive servicing" began when Defendant claimed Plaintiffs' "insurance coverage was not sufficient," despite Plaintiffs having "always kept the improvements properly insured in a sufficient amount that would cover the interest of the Defendant in the event of a loss." *Id.* at 3.  According to the Complaint [2-2], Defendant's "actions of abusive servicing" included, among other things, fraudulent placement of insurance in an exorbitant amount and unreasonably interfering with the relationship between Plaintiffs and their insurance carrier.  *Id.* at 3-4.

The state-court Complaint [2-2] advanced four counts for relief.  *Id.* at 5-6.  Count One asked the Court to enjoin Defendant "from engaging in an ongoing pattern of abusive servicing of the loan of the Plaintiffs, including possible foreclosure of the subject Deed of Trust." *Id.* at 5.  Counts Two, Three, and Four sought compensatory damages, punitive damages, and attorney's fees.  *Id.* at 5-6.  On November 14, 2023, Defendant filed a Motion [2-8] to Dismiss, seeking dismissal of the Complaint [2-2] under Mississippi Rule of Civil Procedure 12(b)(6).  Mot. [2-8] at 1.  Plaintiffs responded on February 16, 2024, and filed a Motion [2-12] for Summary Judgment in which they argued that Defendant breached the Deed of Trust by violating the Real Estate Settlement Procedures Act, 28 U.S.C. § 2601, et seq. ("RESPA"), Mississippi law, and specific provisions of the Deed of Trust.  *See generally* Mot. [2-12]; Mem, [2-13].

On March 14, 2024, Defendant removed the case to this Court, invoking federal question jurisdiction under the "other paper" doctrine.  Not. [1] at 2.  Defendant did not specify in its Notice [1] of Removal which claim in the Complaint [2-2] arose under or was substantially based upon federal law.  *See id.*  Instead, it stated that "[f]or the first time in this Action, Plaintiffs' Motion asserted claims under [RESPA]."  *Id.* (emphasis removed).

Plaintiffs filed a Motion [14] to Amend their Complaint in this Court on June 5, 2024, seeking to "clarify and delineate their claims against [Defendant]."  Mot. [14] at 2.  Defendant did not respond to the Motion [14] and, accordingly, the Court granted it as unopposed on June 24, 2024.  *See* Text Only Order, June 24, 2024.  Plaintiffs filed their Amended Complaint [18] on June 26, 2024.  Am. Compl. [18] at 2.  Defendant then filed a Motion [21] to Dismiss the First Amended Complaint [18] and Plaintiffs filed a Motion [23] for Summary Judgment.  *See* Mots. [21], [23].

Because it was unclear whether federal question jurisdiction existed at the time of removal, the Court directed the parties to show cause in writing that federal subject-matter jurisdiction existed in this case.  *See* Order [25].  The parties have each filed timely responses to the Order [25].  *See* Resps. [30], [31].

B. <u>The parties' Responses [30], [31]</u>

1. <u>Defendant's Response [30]</u>

Defendant takes the position that Plaintiffs' Memorandum [2-13] in Support of their state-court Motion [2-12] for Summary Judgment clarified that Defendant breached the Deed of Trust by violating RESPA, such that the Complaint [2-2]

3

raised a substantial federal question. Resp. [30] at 6. Defendant also contends that Plaintiffs' request for injunctive relief was a federal claim since their Memorandum [2-13] stated that this remedy was available "upon finding a violation of RESPA and Regulation X." *Id.* at 6-7.

Defendant argues that because Plaintiffs are Mississippi citizens and Defendant is a citizen of Michigan and Delaware, diversity jurisdiction also existed at the time of removal. *Id.* at 8. Defendant reasons that, although the state-court Complaint [2-2] stipulated that its claims for damages did not exceed $74,900.00, the amount in controversy requirement was met because Plaintiffs' claim for injunctive relief exceeded the value of $100.00. *Id.* at 8-9.

2.   <u>Plaintiffs' Response [31]</u>

Plaintiffs posit that the Court should remand this case because a federal question was not presented on the face of their state-court Complaint [2-2]. Resp. [31] at 1-2. It is Plaintiffs' view that the Notice [1] of Removal did not remove this case "based solely upon the face of the Daniels['] Complaint" because it stated that Plaintiffs brought federal claims "for the first time" in their state-court Motion [2-12]. *Id.* at 2. Plaintiffs maintain that although their Memorandum [2-13] "made references to various federal statutes and federal regulations and/or federal claims, such references, on their own, could not be utilized by Rocket to establish federal question jurisdiction because these references do not relate to an already pleaded claim(s) in the Daniels['] initial Complaint . . . ." *Id.* at 4.

## II.  DISCUSSION

A.  Relevant law

Federal courts are courts of limited jurisdiction and "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  In removed cases, subject-matter jurisdiction is assessed at the time of removal. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." (citations omitted)).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

Under 28 U.S.C. § 1331, a federal court has original subject-matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "A federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (quotations and alterations omitted).  "To determine whether a claim arises under federal law, the court examines the 'well pleaded' allegations of the complaint and 'ignore[s] potential defenses.'" *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020), *as revised* (Dec. 30, 2020) (alteration in original) (quoting

5

*Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003)). "That federal question must be 'presented on the face' of the complaint to satisfy the rule." *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 585 (5th Cir. 2022) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "The fact that a substantial federal question is necessary to the resolution of a state-law claim is not sufficient to permit federal jurisdiction" as "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Singh*, 538 F.3d at 338 (quotations omitted).

Under 28 U.S.C. § 1332(a), a federal court also has original subject-matter jurisdiction where the matter in controversy exceeds $75,000.00 and is between citizens of different states. *See* 28 U.S.C. § 1332(a). Section 1332(a) mandates "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). To establish complete diversity, the party invoking the Court's jurisdiction must "distinctly and affirmatively allege[]" the citizenship of all parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (quotation omitted). Generally, "when a defendant seeks federal court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). When questioned, § 1446(c)(2)(B) dictates the procedure to follow: "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. In removed cases, the

6

amount in controversy requirement is judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

B.    Analysis

1.    Federal question jurisdiction

The parties do not dispute that, on its face, the original state-court Complaint [2-2] failed to state a federal claim. *See generally* Resps. [30], [31]. Consequently, Defendant did not remove the case initially; rather it removed based upon the "other paper" provision of 28 U.S.C. § 1446(b)(3), arguing that Plaintiffs' state-court Motion [2-12] for Summary Judgment and its attached Memorandum [2-13] clarified that the Complaint's [2-2] claims arose under RESPA. Not. [1] at 2; Resp. [30] at 4-7; *see Eggert v. Britton*, 223 F. App'x 394, 397-98 (5th Cir. 2007) (per curiam) (using the other paper doctrine to determine whether federal question jurisdiction existed).

Under 28 U.S.C. § 1446(b)(3), if the original complaint does not allow for removal, a claim may be removed based upon an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The other paper doctrine cannot be used "to establish a new federal claim," but only "to clarify the nature of the existing [federal] claim . . . ." *Eggert*, 223 F. App'x at 397. Furthermore, "a showing of federal question jurisdiction based on 'other paper' must be stronger than that required to demonstrate diversity jurisdiction" because "[f]ederal question jurisdiction . . . has ordinarily been determined by reference to the four corners of the complaint[.]"

7

*Watson v. City of Meridian, MS*, No. 4:08CV4 DPJ-JCS, 2008 WL 907655, at *2 (S.D. Miss. Mar. 31, 2008) (quoting *Willis v. Life Ins. Co. of Ga.*, No. 4:02CV65, 2002 WL 32397242, at *4 (N.D. Miss. Apr. 24, 2002)).

The Notice [1] of Removal does not point out which claim in the original Complaint [2-2] was clarified by the state-court Motion [2-12]. *See* Notice [1]. In fact, the Notice [1] of Removal does the opposite when it states that "[f]or the first time in this Action, Plaintiffs' Motion asserted claims under [RESPA]." Not. [1] at 2. Thus, on its face, the Notice [1] of Removal alleged that Plaintiffs' state-court Motion [2-12] inserted new federal claims into the Complaint [2-2], which would not allow for removal under the other paper doctrine. *Eggert*, 223 F. App'x at 397.

Defendant now appears to contradict its Notice [1] of Removal and asserts that the Motion [2-12] clarified that Plaintiffs' claims in fact arose under RESPA and that the state-court Motion [2-12] did not inject entirely new claims into the Complaint [2-2]. Resp. [30] at 6-7. Defendant's argument primarily relies upon Plaintiffs' state-court Memorandum's [2-13] statement that "[u]pon finding a violation of RESPA and Regulation X the Court may grant equitable relief that includes entry of injunctive relief, or a finding the creditor has waived the right to pursue recovery to recover any deficiency amounts."[1] Mem. [2-13] at 25-26 (citing

---

[1] The only two provisions of Regulation X that Plaintiff cited in its Memorandum [2-13] were 12 C.F.R. §§ 1024.17 and 1024.35. *See generally* Mem. [2-13]. These regulations do not create private causes of action. *See Ghattas v. Caliber Home Loans, Inc.*, 4:20-CV-0077, 2021 WL 536462, at *4 (S.D. Tex. Jan. 25, 2021) (holding that "no private right of action exists for violations of the regulations set forth in 12 C.F.R. § 1024.17" and "12 C.F.R. § 1024.35 . . . also does not provide a private right of action"), *report and recommendation adopted*, 4:20-CV-0077, 2021 WL 535575 (S.D. Tex. Feb. 12, 2021); *see also State of La. v. Litton Mortg. Co.*, 50 F.3d 1298, 1300-02 (5th Cir. 1995) (holding that Section 10 of RESPA, the basis for 12 C.F.R. § 1024.17, does not create a private right of action); *Solis v. U.S. Bank, N.A.*, CV H-16-00661, 2017 WL 4479957, at *3 (S.D. Tex. June 23,

*In re Tavares*, 547 B.R. 204, 220-21 (Bankr. S.D. Tex. 2016); *Sec. of State v. Gunn*, 75 So. 3d 1015, 1020-22 (Miss. 2011); *Brent Towing Co., Inc. v. Scott Petroleum Corp.*, 735 So. 2d 355, 358-60 (Miss. 1999); *Canizaro v. Mobile Commun. Corp. of Am.*, 655 So. 2d 25, 29 (Miss. 1995); *Natl. Mortg. Co. v. Williams*, 357 So. 2d 934, 937 (Miss. 1978); *Johnson v. Gore*, 80 So. 2d 731, 736 (Miss. 1955)).

However, "[a] claim for injunctive relief does not stand alone, but requires a viable underlying legal claim."[2] *Horne v. Time Warner Operations, Inc.*, 119 F. Supp. 2d 624, 630 (S.D. Miss. 1999), *aff'd sub nom. Horne v. Time Warner Operations*, 228 F.3d 408 (5th Cir. 2000); *see also Reyes v. N. Texas Tollway Auth., (NTTA)*, 861 F.3d 558, 565 n.9 (5th Cir. 2017) ("[Injunctive relief] claims are not freestanding; they must be supported by some underlying cause of action."). As such, the Memorandum [2-13]'s reference to injunctive relief could only clarify a pre-existing underlying claim under RESPA. A review of the Complaint [2-2] reveals that breach of the Deed of Trust was the underlying claim. Compl. [2-2] at 5. Plaintiffs' state-court Memorandum [2-13] supports this finding, stating that,

> [t]his action was initiated by the Daniels on July 17, 2023, pursuant to the filing of their Complaint. Daniels filed their Complaint in an effort

---

2017) ("[C]ourts have held § 1024.35 does not provide a private right of action."), *aff'd*, 726 F. App'x 221 (5th Cir. 2018).

[2] While no court within the Fifth Circuit has addressed the issue, multiple district courts around the country "have repeatedly recognized that no provision under RESPA provides for injunctive relief." *Eslick v. Cenlar, Cent. Loan Admin. & Reporting*, 2:17CV381, 2017 WL 4836541, at *4 (E.D. Va. Oct. 3, 2017); *see also, e.g.*, *Rodriguez v. Ocwen Fin. Corp.*, 17-CV-60574, 2017 WL 3593972, at *7 (S.D. Fla. Aug. 21, 2017) ("[T]he Court concludes that there is no private right to injunctive relief under RESPA."); *Tamburri v. Suntrust Mortg., Inc.*, 875 F. Supp. 2d 1009, 1013 (N.D. Cal. 2012) ("RESPA does not provide for injunctive relief . . . ."); *Malally v. BAC Home Loan Servicing, LLC*, 3:10-CV-0074-JTC-JFK, 2010 WL 5140626, at *9 n.13 (N.D. Ga. Oct. 8, 2010) ("RESPA provides for neither equitable nor injunctive relief, including relief from foreclosure."), *report and recommendation adopted*, 3:10-CV-74-WBH, 2010 WL 5140031 (N.D. Ga. Dec. 13, 2010); *Minter v. Wells Fargo Bank, N.A.*, 593 F. Supp. 2d 788, 796 (D. Md. 2009) ("[T]his Court finds that there is no private right to injunctive relief under RESPA . . . .").

> to remedy and prohibit the holder of their Deed of Trust, Rocket, **from taking advantage of [i]ts breaches of the terms and provisions of the subject Deed of Trust**. Rocket has engaged in [a] course of conduct that breaches portions of Sections 3 and 5 of the Deed of Trust as amended/supplemented by 12 U.S.C. §2605(k)(l) and (m) and Miss. Code Ann. §83-54-21(2).

Mem. [2-13] at 1-2 (emphasis added).

Plaintiffs only cited RESPA to the extent the Deed of Trust incorporated RESPA. *See generally id.* at 16-36. The Memorandum [2-13] did not clarify that Plaintiffs' claims in the original Complaint [2-2] were based on RESPA; if anything, it further clarified that Plaintiffs were asserting a state-law breach of contract claim and not a stand-alone federal claim. *See, e.g.*, *Kinnie v. Freedom Mortg. Corp.*, No. SA-20-CV-178-XR, 2020 WL 1284831, at *3 (W.D. Tex. Mar. 17, 2020) ("Breach of contract is plainly a state law claim, and the mere reference to a federal statute does not transform that state law claim into one arising under federal law." (citing *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)).

The only case cited by Plaintiffs in the Memorandum [2-13] that mentioned RESPA was *In re Tavares*, which did not involve injunctive relief, *see* 547 B.R. at 220-21, and Plaintiffs appeared to have cited this case for their contention that, where a defendant has violated RESPA, courts have found that "the creditor has waived the right to pursue recovery to recover any deficiency amounts[,]" Mem. [13] at 25-26. The remaining Mississippi Supreme Court cases cited in the Memorandum [2-13] did not cite RESPA, or any other federal law, and relied exclusively on state law in deciding whether to grant injunctive relief. *See Gunn*, 75 So. 3d at 1020-22; *Brent Towing Co.*, 735 So. 2d at 358-60; *Canizaro*, 655 So. 2d at

29; *Williams*, 357 So. 2d at 937; *Johnson*, 80 So. 2d at 736.  Thus, the Court is not persuaded that Plaintiffs' Memorandum [2-13] clarified that the Complaint [2-2] sought injunctive relief as a remedy for a federal claim.

In sum, removal was not proper based upon a federal question.

2.  Diversity jurisdiction

Defendant argues in the alternative that diversity jurisdiction existed at the time of removal.  Resp. [31] at 8-9.  While Defendant has shown that Plaintiffs are Mississippi citizens and Defendant is a citizen of Michigan and Delaware, it has not established that the amount in controversy exceeded $75,000.00 at the time of removal.  Resp. [30] at 8-9.  Defendant appears to believe that because the Complaint [2-2] "sought a monetary award against Rocket Mortgage 'not greater than $74,900.00'[,]" it needed only show that "[t]he value of the injunctive relief sought by Plaintiffs easily exceeds $100 . . . ."[3]  *Id.* (quoting Compl. [2-2] at 5).

"[W]hen a defendant seeks federal court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Owens*, 574 U.S. at 87.  However, where the

---

[3] The Order [25] to Show Cause stated that the party seeking to invoke diversity jurisdiction must "show how any combination of monetary relief *under* $74,900.00 and injunctive relief would satisfy the $75,000.00 amount in controversy requirement."  Order [25] at 7 (emphasis added).  The example given in the Court's Order [25] where the monetary relief was $74,900.00 and the value of the injunctive relief was $100.01 was but one way that Defendant could show the jurisdictional threshold was met in this case.  *See id.*  In providing this example, the Order [25] did not, and Defendant cannot, presume that the Complaint [2-2] sought $74,900.00 in monetary relief, but only that any monetary relief could not exceed that figure.  *See Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565-66 (5th Cir. 1993) (finding that the amount in controversy was not met where the defendant "merely states, without any elaboration, that 'the matter in controversy exceeds [the jurisdictional threshold] exclusive of interest and costs'").

11

amount in controversy is questioned, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. In this case, the amount in controversy has been questioned by the Court, *see* Order [25] at 6-7, and thus Defendant was required to show by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional threshold, *Owens* 574 U.S. at 88.

Defendant's only allegation as to monetary relief was that "[t]he Complaint sought a monetary award against Rocket Mortgage 'not greater than $74,900.00'." Resp. [31] at 8 (quoting Compl. [2-2] at 7). However, just because the Complaint [2-2] limited the monetary relief sought to no more than $74,900.00, did not mean that it equaled $74,900.00. Without any other information, this was insufficient to show by a preponderance of the evidence that "it [wa]s 'facially apparent' that the claims [we]re likely to exceed $75,000" or to set "forth the facts in controversy that support a finding of the requisite amount." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

Defendant relies on the Complaint's [2-2] request for "[e]ntry of a monetary award of, from and against the Defendant for compensatory damages, punitive damages, attorney's fees, costs in an amount of not greater than $74,900.00." Compl. [2-2] at 7. However, this statement indicates that the $74,900.00 ceiling includes costs, which are excluded by § 1332(a), and attorney's fees, which "are not included in the amount in controversy unless they are authorized by statute or a

contract between the parties[,]" *Mississippi Veterans Home Purchase Bd. v. State Farm Fire & Cas. Co.*, 492 F. Supp. 2d 579, 586 (S.D. Miss. 2007); *see also Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) ("[C]ourts have consistently held that although attorney's fees are generally not included, attorney's fees should be included where they are provided for by contract or statute."). The Deed of Trust does not provide for Plaintiffs to recover attorney's fees, and Defendant has not pointed to any other state statute that would permit such recovery. *See generally* Ex. [21-1].

Plaintiffs alleged that they paid $2,023.30 more in insurance fees than they would have if not for Defendant's actions.[4] Compl. [2-2] at 4. Given that attorney's fees and costs could not be used to show the amount in controversy was met, Defendant has not shown by a preponderance of the evidence that the foregoing amount, when combined with the value of the injunctive relief sought and any punitive damages, assuming they are recoverable, exceeds the jurisdictional threshold.

In sum, Defendant has not carried its burden of showing by a preponderance of the evidence that the amount in controversy exceeded $75,000.00.

### III. CONCLUSION

Defendant has not met its burden of establishing removal jurisdiction; at best, whether subject-matter jurisdiction existed at the time of removal is

---

[4] Plaintiffs' state-court Memorandum [2-13] in Support of their Motion [2-12] for Summary Judgement also stated that the value of "any monetary harm that may be suffered" was "in truth . . . the sum of $380.88 to $2,715.15." Mem. [2-13] at 33.

13

ambiguous. Because all ambiguity is resolved against removal, *Manguno*, 276 F.3d at 723, the Court must remand this case.

**IT IS, THEREFORE, ORDERED** that, this civil action is **REMANDED** to the County Court of Pearl River County, Mississippi, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED** this the 5th day of September, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE